| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 26-MJ-028 (DSD/LIB) |
| | ) | |
| Plaintiff, | ) | MS. VALENTINE'S MOTION TO |
| v. | ) | DISMISS FOR OUTRAGEOUS |
| | ) | GOVERNMENT CONDUCT AND FOR |
| ALICE VALENTINE, | ) | AN EVIDENTIARY HEARING |
| | ) | |
| Defendant. | ) | |

Alice Valentine, through her attorney, Siri Carlson McDowell, moves to dismiss the misdemeanor information pursuant to the Due Process protections of the Fifth Amendment and Federal Rule of Criminal Procedure 12(b)(3),[1] as government actions in this case have violated Ms. Valentine's constitutional rights and amount to outrageous government conduct.

**FACTS**

On January 12, 2026, Enforcement Removal Operations (ERO), a division of Immigration and Customs Enforcement, went to the Star City Mall in St. Cloud as part of Operation Metro Surge. Many St. Cloud residents had gathered at the Mall to observe and protest the agents' activities. Two such residents were Alice Valentine and her girlfriend, S.M. Shortly after Ms. Valentine and S.M. arrived the Mall, two ERO agents arrived in the parking lot. S.M. approached the agents asking why they brought "such big guns" to the Mall. Ms. Valentine recorded this interaction on her phone. One agent "shushed"

---

[1] "Outrageous government conduct claims involve alleged defects in the institution of the prosecution," and must be raised as a pretrial motion. *United States v. Warren*, 788 F.3d 805, 811 (8th Cir. 2015) (cleaned up).

S.M., who continued asking her question. The agent told S.M. to "back up" while shoving her hard in the chest. Ms. Valentine approached the agent and told him to "keep your f----in' hands off my girlfriend." The agent stepped toward Ms. Valentine repeatedly, forcing Ms. Valentine backward, as he asked her "or what?". He then shoved Ms. Valentine, causing her to stumble backward. The agent alleges that, after he shoved her, Ms. Valentine kicked him in the shin, causing a small cut. This alleged kick is not captured on the video recording of the interaction. Immediately after the agent assaulted Ms. Valentine, another agent pepper-sprayed Ms. Valentine at close range, hitting her directly in the face and eyes, causing excruciating burning. This entire interaction occured within thirty seconds of the agents arriving at the Mall. Ms. Valentine and S.M. were then arrested and eventually transported to the Whipple Federal Building in Minneapolis.

On January 20, 2026, the government submitted initial charging documents against Ms. Valentine, ECF 1, and sought an order sealing the initial felony Complaint and its supporting documents, ECF 3. The Court granted the motion, sealing the case. ECF 4. On January 28, 2026, Ms. Valentine made an initial appearance on the felony Complaint in her case. Before her hearing, and before the Court unsealed the above documents, United States Attorney General Pamela Bondi violated the Court's sealing order by posting about Ms. Valentine and others who were appearing in court later that day.[2] In her post, Attorney General Bondi describes Ms. Valentine and the others as

_____

[2] *See Unites States v. Flores*, 26-mj-0057 (PAM/DJF)(ECF 26 at 2) (stating that Attorney General Bondi's X post violated the Court's order sealing a similarly situated case).

"rioters" who have been "resisting and impeding our law enforcement officers." Attorney General Bondi also posted a full-body photo of Ms. Valentine in ankle shackles and standing next to a person—whose back is turned to the camera—wearing a jacket featuring the words "POLICE HSI."

## APPLICABLE LAW

Government misconduct violates the Due Process clause and warrants dismissal when it "shocks the conscience of the court." *United States v. Horton*, 756 F.3d 569, 576 (8th Cir. 2014). Outrageous government conduct can foreclose criminal charges "where law enforcement officers have sought to create crimes in order to lure a defendant into illegal activity" that the person "was not otherwise ready and willing to commit." *United States v. Boone*, 437 F.3d 829, 842 (8th Cir. 2006). The court should hold an evidentiary hearing when a defendant raises "specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions." *See United States v. Valona*, 834 F.2d 1334, 1340 (7th Cir. 1987) (cited in *United States v. Kelley*, 152 F.3d 881, 885 (8th Cir. 1998).

## ARGUMENT

The government's conduct in this case is outrageous and dismissal is warranted. First, the agents' conduct at Star City Mall shocks the conscience. S.M. and Ms. Valentine were engaged in First Amendment protected activity when they spoke to and filmed the agents. S.M. questioned the agents' tactics in bringing large weapons to a civilian mall. The agent responding by assaulting S.M. and shoving her. When Ms. Valentine told him to keep his hands off S.M., the agent taunted her—"or what?"—and then forcibly shoved

Ms. Valentine. The agent was the initial aggressor against both women. By pushing and shoving S.M. and Ms. Valentine, the agent was attempting to provoke a response for which he could arrest the women. Neither Ms. Valentine, S.M., or any other civilian on site acted aggressively, violently, or threateningly prior to the agent's own violent behavior. Government agents then used excessive force when they pepper-sprayed S.M. and Ms. Valentine and unlawfully arrested them.

The outrageousness of the government's conduct is further evidence by the Attorney General's public posting of Ms. Valentine in leg shackles and labeling her a "rioter" before her initial court appearance. In addition to violating the Court's sealing order, the government's conduct violated Ms. Valentine's due process rights and the foundational principle that defendants are presumed innocent until proven guilty, prejudicing Ms. Valentine.

In this case, the agent was the initial aggressor, assaulting both S.M. and Ms. Valentine as they non-violently exercised their First Amendment rights to protest and document the government's actions. The subsequent excessive force, unlawful arrest, and the prejudicial publicity stunt (in violation of a court order and Ms. Valentine's due process rights), are additional evidence that outrageous government conduct has occurred. Ms. Valentine requests an evidentiary hearing to further develop this record and the opportunity to further brief this motion once the factual record has been developed.

Dated: March 19, 2026

Respectfully submitted,

*s/ Siri Carlson McDowell*

SIRI CARLSON MCDOWELL
Attorney ID No.  0401693
Attorney for Ms. Valentine
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415